UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE WINFREY,

Plaintiff,

-against-

THE DOE FUND; LEMLE & WOLFF COMPANIES,

Defendants.

26-CV-7452 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Eugene Winfrey, who is proceeding *pro se*, brings this action in which he invokes the court's federal question jurisdiction, alleging that Defendants are either breaking into his apartment in the Bronx or permitting third parties to break into it. He names two defendants whom he identifies as his landlords: (1) The Doe Fund and (2) Lemle & Wolff, Inc. He seeks monetary relief.

By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff uses the court's complaint form and checks the box indicating his intent to invoke the court's federal question jurisdiction. In the portion of the complaint form directing Plaintiff to state which of his federal constitutional or statutory rights have been violated, Plaintiff writes, "Someone breaking into my apartment[,]" and he includes citations to the New York Penal Law provisions governing stalking, burglary, and criminal trespass. (ECF No. 1, at 4.)

Plaintiff resides in an apartment in the Bronx, and Defendants are his landlords. (*Id*. at 4, 5.) In the Facts section of the complaint form, Plaintiff writes, in full: "Someone is breaking into my apartment every day and every night when I am gone!" (*Id*.) He seeks monetary relief.

## DISCUSSION

### A. Private prosecution

In the complaint, Plaintiff appears to seek the criminal prosecution of Defendants or other persons responsible for breaking into his apartment. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses the claims for lack of standing, and therefore, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B. Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, Plaintiff invokes the court's federal question jurisdiction, but the

facts alleged in the complaint do not suggest that any person or entity infringed upon Plaintiff's rights secured by federal law. The court therefore lacks federal question jurisdiction over Plaintiff's claims.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendants reside in New York, precluding complete diversity of citizenship. The court therefore lacks diversity jurisdiction over Plaintiff's claims.

**C. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. An amended complaint form is attached to this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 6, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

______________________________________________

______________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

## AMENDED

## COMPLAINT

Do you want a jury trial?

☐ Yes ☐ No

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

__________________________________________________________

__________________________________________________________

__________________________________________________________

__________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ______________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

__________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________________
First Name Middle Initial Last Name

______________________________
Street Address

______________________________
County, City State Zip Code

______________________________ ______________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________________________

First Name Last Name

______________________________________________

Current Job Title (or other identifying information)

______________________________________________

Current Work Address (or other address where defendant may be served)

______________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________________________

Date(s) of occurrence: ______________________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

______________________________ ______________________________
Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.